IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAYF NUTTER,

     Plaintiff,

v.                                         Civil Action No. 5:02CV157
                                                                       (STAMP)
CLEAR CHANNEL COMMUNICATIONS, INC.,

     Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S COMBINED MOTION
TO ALTER OR AMEND JUDGMENT**

I.  Procedural History

On December 6, 2002, the plaintiff, Mayf Nutter, filed a complaint in this Court asserting claims of copyright infringement, unfair trade practices, and breach of contract against the defendant, Clear Channel Communications, Inc. ("Clear Channel"). The plaintiff later filed an amended complaint, to which the defendant responded with an answer and counterclaims of trademark infringement, false representation, and misappropriation.

On July 9, 2004, the defendant filed a motion to dismiss this action for lack of subject matter jurisdiction. On August 25, 2004, this Court held a status and scheduling conference to address the discovery deadlines in this case. At this conference, the parties agreed that this Court should vacate the previous scheduling order and stay this action pending this Court's resolution of the defendant's motion to dismiss for lack of subject matter jurisdiction. In addition, the parties agreed to file

supplemental briefs to address the plaintiff's standing to file suit in this case.  Following this conference, this Court entered an order establishing a supplemental briefing schedule on the issue of standing.  The plaintiff filed supplemental memoranda in opposition to the defendant's motion, and the defendant replied.  On December 8, 2004, this Court entered a memorandum opinion and order granting without prejudice defendant's motion to dismiss the complaint for lack of subject matter jurisdiction.

On December 15, 2004, the plaintiff filed a combined motion to alter or amend the judgment.  The defendant responded in opposition and the plaintiff replied.  The plaintiff's combined motion to alter or amend judgment is fully briefed and ripe for review.  After considering the parties' memoranda and the applicable law, this Court finds that the plaintiff's motion should be denied.

## II.  Facts

The plaintiff's complaint alleges that the defendant has, without authorization, utilized a copyrighted sound recording and musical composition owned by the plaintiff in the promotion and advertising of the country music festival "Jamboree in the Hills." The plaintiff asserts claims of copyright infringement, unfair trade practices, and breach of contract.  He seeks that the defendant be permanently enjoined from future infringement on the copyright and that it be required to pay plaintiff actual, compensatory, and punitive damages.  He also asks that this Court

2

require the defendant to deliver for destruction any unauthorized reproductions of the plaintiff's sound recordings, as well as all advertising and promotional material relating thereto.

The defendant's motion to dismiss for lack of subject matter jurisdiction alleged that the plaintiff filed for bankruptcy protection ten years prior to initiating this suit, and failed to disclose the copyright at issue on his Schedule of Personal Assets. The defendant argued that the plaintiff consequently forfeited his ownership of the copyright, and now lacks standing to enforce it. The plaintiff argued in response that he should be given the opportunity to reopen his former bankruptcy case so that he can reestablish his ownership of the copyright.

In its memorandum opinion and order granting without prejudice defendant's motion to dismiss, this Court found that the plaintiff lacked standing at the time this suit was filed because he could not prove ownership of the copyright.  Further, this Court held that the plaintiff had failed to demonstrate that he could cure this deficiency within a reasonable period of time.  Specifically, this Court concluded:

> The plaintiff has yet to demonstrate to this Court that the underlying bankruptcy proceedings have been reopened or that a new bankruptcy trustee has been appointed. This Court cannot allow substitution of a bankruptcy trustee that does not exist.

Mem. Op. & Order at 6.  The plaintiff now seeks to have this Court revisit its ruling because he has repurchased the copyright from the bankruptcy estate.

### III.  Applicable Law

The Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  See Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance."  Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly.  See id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

### IV.  Discussion

In his combined motion to alter or amend, the plaintiff asserts that on December 10, 2004, the United States Bankruptcy Court for the Eastern District of California entered an order

4

authorizing the plaintiff to purchase the copyright at issue and any causes of action related thereto. Thus, he claims that he is now able to cure the standing deficiency pursuant to Federal Rule of Civil Procedure 17, and this action should be reinstated. In response, the defendant contends that the plaintiff's lack of standing at the initiation of the suit cannot be cured retroactively. The defendant claims that the plaintiff's only recourse is to file a new case, assuming he can overcome the statute of limitations bar. In reply, the plaintiff claims that this Court dismissed his case only because he could not cure his lack of standing within a reasonable period of time. He asserts that he has proven that he can, and therefore, this Court should alter or amend the judgment and reopen this case.

The United States Court of Appeals for the Fourth Circuit has explained:

> The Supreme Court has held that two strands of standing exist: <u>Article III standing</u>, which enforces the Constitution's case or controversy requirement, and "<u>prudential</u>" <u>standing</u>, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." <u>Elk Grove Unified Sch. Dist. v. Newdow</u>, 124 S. Ct. 2301, 2308-09 (2004). The requirements of Article III standing are numbingly familiar. To have a claim heard in federal court, a plaintiff must establish: (1) an "injury in fact" to a "legally protected interest" that is both "(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the conduct complained of that is "fairly traceable," and not "the result of the independent action of some third party not before the court"; and (3) a non-speculative likelihood that the injury would be redressed by a favorable judicial decision. See <u>Lujan v. Defenders of Wildlife</u>, 504 U.S.

555, 560-61 (1992)(internal quotations, brackets, and citations omitted).

Frank Krasner Enterprises, Ltd. v. Montgomery County, Maryland, 2005 U.S. App. LEXIS 4130, at *8 (Mar. 11, 2005) (emphasis added). The Supreme Court of the United States has further stated:

> Although we have not exhaustively defined the prudential dimensions of the standing doctrine, we have explained that prudential standing encompasses "the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked."

Elk Grove Unified School Dist. v. Newdow, 124 S. Ct. 2301, 2308 (2004) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).

Thus, there is key distinction in this case between: (1) Article III, or constitutional, standing, and (2) prudential standing, which generally encompasses the real party in interest doctrine outlined in Federal Rule of Civil Procedure 17. As explained by the United States District Court for the Southern District of Indiana,

> [t]he distinction between standing to sue and the real party in interest doctrine is often blurred. The two concepts are similar in that both "are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits." Weissman v. Weener, 12 F.3d 84, 86 (7th Cir. 1993). The doctrine of standing requires federal courts to make sure concrete legal issues are presented by a plaintiff with a particularized injury in fact traceable to the conduct of the defendant which is likely to be redressed by the relief sought. Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). However, the designation of the real party in interest entails identifying the person who

6

>possesses the particular right sought to be enforced. <u>Firestone v. Galbreath</u>, 976 F.2d 279, 283 (6th Cir. 1992).

<u>Guynn v. Potter</u>, 2002 U.S. Dist. LEXIS 2810, at *11-12 (S.D. Ind. 2002). Thus, the prudential, or real party in interest, test is more stringent than the test for constitutional standing: "[A] real party in interest <u>always has standing to sue</u> but not every party who meets standing requirements is automatically a real party in interest." 2 James Wm. Moore, et al., <u>Moore's Manual -- Federal Practice and Procedure</u> § 13.01 (2005) (emphasis added).

This Court couched its previous order granting without prejudice defendant's motion to dismiss in Rule 17 terms. Specifically, this Court held that the facts of this case implicate Rule 17, but found that the plaintiff would not be able to substitute the proper party within a reasonable period of time. However, upon further review, this Court finds that Rule 17 is inapplicable because the plaintiff's claim fails the test for constitutional standing.

In order to prove constitutional standing, the plaintiff must have suffered an "injury in fact" that is fairly traceable to the defendant and that a favorable court decision could likely redress. <u>Lujan</u>, 504 U.S. at 560-61. The plaintiff alleges that the defendant has injured him through infringement of his copyright, which the plaintiff obtained in October 1980. However, the plaintiff concedes that he failed to list this copyright on his

7

Schedule of Personal Assets during his bankruptcy proceedings in 1993.  Title 11, United States Code, Section 554(d) states in pertinent part:  "property of the estate that is not abandoned under this section and that is not administered in the case remains property of the estate."  Thus, by operation of law, the plaintiff's closed bankruptcy estate held ownership of the copyright from 1993 until the plaintiff repurchased the copyright on December 22, 2004.

Standing is determined at the time a suit commences.  Lujan, 504 U.S. at 570 n.5.  In a case in which the plaintiff holds no enforceable rights in the copyright at the time he files suit, he lacks Article III standing because he has suffered no cognizable injury.  See Paradise Creations, Inc. v. UV Sales, Inc., 315 F.3d 1304, 1310 (D.C. Cir. 2003).  The plaintiff cannot cure this lack of standing retroactively by purchasing the copyright at issue after filing suit.  See, e.g., id.  Moreover, the plaintiff cannot cure this lack of standing through the application of Rule 17.  As previously noted, the plaintiff cannot assert prudential standing without first proving he holds constitutional standing, which is jurisdictional in nature.  The plaintiff has failed to prove that he held constitutional standing at the time this suit commenced. Consequently, as previously determined by this Court, this case must be dismissed.

V.  Conclusion

Based on the above findings, this Court finds that the plaintiff's combined motion to alter or amend judgment should be DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 30, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE