IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAYF NUTTER,

        Plaintiff,

v.                                    Civil Action No. 5:02CV157
                                                  (STAMP)
CLEAR CHANNEL COMMUNICATIONS,
INC. and OSBORN ENTERTAINMENT
ENTERPRISES CORPORATION,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR COSTS AND ATTORNEY'S FEES

### I.  Background

This civil action involved various claims for copyright infringement, unfair trade practices and breach of contract by plaintiff, Mayf Nutter ("Nutter"), against defendants, Clear Channel Communications, Inc. ("Clear Channel") and Osborn Entertainment Enterprises Corporation ("Osborn"). Defendant Clear Channel responded with a counterclaim against Nutter for trademark infringement, false representation and misappropriation. On December 8, 2004, this Court entered a memorandum opinion and order granting without prejudice Clear Channel's motion to dismiss Nutter's complaint for lack of subject matter jurisdiction. Specifically, this Court recognized that the plaintiff had forfeited his ownership of the copyright of the song at issue during proceedings in bankruptcy. Accordingly, this Court found

that the plaintiff lacked standing at the time this suit was filed because he could not prove ownership of the copyright.

The plaintiff then filed a combined motion to alter or amend the judgement of this Court.  Prior to filing the motion, the plaintiff had repurchased the copyright from the bankruptcy estate and sought to have this Court revisit its earlier ruling.  On March 30, 2005, this Court entered a memorandum opinion and order holding that the plaintiff could not retroactively cure his lack of standing by purchasing the copyright at issue after filing suit and, therefore, dismissed the plaintiff's action.

On May 20, 2005, defendants filed a combined motion and memorandum for an award of costs and attorney's fees pursuant to 17 U.S.C. § 505, 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure.  The plaintiff filed a response opposing the defendants' motion and the defendants filed a reply

## II.  Discussion

### A.  Title 17, United States Code, Section 505

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . [T]he court may also award a reasonable attorney's fee to the prevailing party as part of the costs."  17 U.S.C. § 505 (emphasis added).  While § 505 does not require a finding that the plaintiff pursued the claim in bad faith, the award of fees rests within the sound discretion of the  trial court.  Rosciszewski v. Arete

Associates, Inc., 1 F.3d 225, 233-34 (4th Cir. 1993).  In

exercising its discretion, a trial court should consider the

following:

> First, the district court should evaluate the motivation
> of the parties.  While a finding of willful infringement
> or bad faith on the part of the opposing party properly
> may be considered by the district court, the presence or
> absence of such motivation is not necessarily
> dispositive.  Second, the district court should weigh the
> objective reasonableness of the legal and factual
> positions advanced.  The court may consider, for example,
> whether the positions advanced by the parties were
> frivolous, on the one hand, or well-grounded in law and
> fact, on the other.  Third, the court should consider
> "the need in particular circumstances to advance
> considerations of compensation and deterrence."  In
> evaluating this factor, the court may find relevant,
> among other circumstances, the ability of the non-
> prevailing party to fund an award.

Rosciszewski at 234 (internal citations omitted).

First, the defendants argue that this Court may consider the

issue of attorney's fees pursuant to § 505 because this Court's

December 8, 2004 and March 30, 2005 opinions essentially made the

defendants the "prevailing party."  Moreover, the defendants argue

that the factors enumerated in Rosciszewski weigh in favor of an

award under § 505.  The defendants contend that the plaintiff was

motivated by "the big payoff," and pursued this litigation

recklessly and in bad faith.  The defendants next argue that the

plaintiff's contention was not objectively reasonable because he

did not own the copyright at issue.  Finally, the defendants argue

that an award would deter future frivolous litigation.

In response, the plaintiff argues that this Court cannot evaluate whether attorney's fees should be awarded pursuant to § 505 because the issue of infringement has yet to be decided.

This Court agrees with the defendants that it may consider at this point in the litigation the defendants' request to award attorney's fees. The definition of "prevailing party" is not limited to one who prevails on the merits. See Corcoran v. Columbia Broadcasting System, Inc., 121 F.2d 575, 576 (9th Cir. 1941)("The authority given [by the copyright statute] is not in terms limited to the allowance of fees to a party who prevails only after a trial on the merits."); see also Ruckelshaus v. Sierra Club, 463 U.S. 680, 709 n.25 (1983)(recognizing the "prevailing party" standard in the copyright statute, as well as other statutes, has been construed broadly).[1]

However, after considering the plaintiff's actions pursuant to standards set forth in Rosciszewski, this Court does not believe that an award of costs or attorney's fees is warranted in this case. First, this Court finds that the plaintiff was, more likely than not, motivated by a good faith desire to protect a copyright, which he believed he owned, rather than by a bad faith attempt at

---

[1]In Corcoran, the defendant appeared and obtained an order for clarification of the complaint. Id. at 576. The plaintiff voluntarily dismissed the complaint without amendment, and the court found the defendant was a "prevailing party" "even though he may, at the whim of the plaintiff, again be sued on the same cause of action." Id.

4

"the big payoff," as the defendants contend.[2]  Second, this Court does not believe the plaintiff's position was objectively unreasonable or frivolous.  As the plaintiff contends, Nutter had some basis for believing that he wrote the song at issue and also had some basis for believing that he owned the copyright to that song, at least at some point in time.  The bankruptcy proceedings occurred long before this suit was filed and created a unique situation that would not have been readily obvious to Nutter and, arguably, to his attorneys.  Moreover, this Court does not believe the plaintiff's attempts to buy the copyright to obtain standing was done in bad faith.  This Court's December 8, 2004 opinion dismissed the plaintiff's action "without prejudice to refiling by a person with standing to pursue the claims asserted," leaving open the possibility that standing might be obtained.

Finally, this Court does not believe that an award would deter future frivolous litigation of this sort.  The facts in this case, which include a local country music festival and a bankruptcy proceeding, are somewhat unusual and do not represent an obvious abuse of the copyright laws that is likely to become pervasive.  Moreover, in evaluating deterrence, "the court may find relevant, among other circumstances, the ability of the non-prevailing party

---

[2]Mere economic motivations do not necessarily demonstrate recklessness or bad faith.  Indeed, most parties to a civil litigation have at least some economic motivation in pursuing a particular claim or defense.

to fund an award." <u>Rosciszewski</u> at 234.  Here, the plaintiff is an individual who does not appear, based upon the record to date, to have type of resources that could be used to fund an award if one were granted.    Indeed, Nutter has previously been through bankruptcy proceedings.

For the reasons stated above, this Court denies the defendants' motion pursuant to 17 U.S.C. § 505.

B.    <u>Title 28, United States Code, Section 1927</u>

Pursuant to 28 U.S.C. § 1927, a court may require counsel to pay excessive costs, attorney's fees or expenses reasonably incurred by opposing counsel if such attorney "so multiplies the proceedings in any case unreasonably and vexatiously . . ."  28 U.S.C. § 1927.  "Section 1927 focuses on the conduct of the litigation and not on its merits," <u>DeBauche v. Trani</u>, 191 F.3d 499, 511 (4th Cir. 1999), and merely negligent conduct will not support an imposition of sanctions.  <u>See</u> <u>United States v. Wallace</u>, 964 F.2d 1214, 1219 (D.C. Cir. 1992).  Instead, § 1927 requires "a finding of counsel's <u>bad faith</u> as a precondition to the imposition of fees."  <u>See</u> <u>Chaudhry v. Gallerizzo</u>, 174 F.3d 394, 411 n.14 (4th Cir. 1999)(internal quotations omitted).

As explained above, this Court does not find that the plaintiff operated in bad faith either in filing his original complaint and in later filing his combined motion to alter or amend judgment, even though his suit, thus far, has been without merit.

6

The timing and nature of the bankruptcy proceedings, the plaintiff's alleged relationship with the song at issue and the theories upon which plaintiff's counsel proceeded lead this Court to believe that this is not a case that warrants sanctions under § 1927.

C.    Federal Rule of Civil Procedure 11

Finally, the defendant seeks sanction pursuant to Rule 11, arguing that the complaint lacks "evidentiary support."  Rule 11 requires every pleading, motion or other paper filed with the court to be a product of a "reasonable inquiry" on the part of the attorney or party signing the document, and that the document be "well grounded in fact and . . . warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it . . . not [be] interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."  Fed. R. Civ. P. 11.  "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'"  Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990).

Similar to § 1927, "the imposition of a Rule 11 sanction is not a judgment on the merits of an action."  Id. at 396.  Instead, a court must consider "whether the attorney has abused the judicial

7

process, and if so, what sanction would be appropriate." <u>Id.</u>
While this Court recognizes that the standards for sanctions under
Rule 11 differ from those required for sanctions under § 1927, this
Court believes its analysis under § 1927 is relevant in finding, as
this Court does, that the plaintiff did not abuse the judicial
process.  As this Court has stated above, the plaintiff appears to
have not operated in bad faith pursuant to a claim he believed to
have been colorable.  This Court does not believe that either the
complaint or the plaintiff's combined motion to alter or amend
judgment were entered for an improper purpose.  Accordingly, this
Court declines to issue sanctions pursuant to Rule 11.

V. <u>Conclusion</u>

For the reasons stated above, this Court DENIES the
defendant's combined motion for an award of costs and attorney's
fees pursuant to either 17 U.S.C. § 505, 28 U.S.C. § 1927 or Rule
11 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum
opinion and order to counsel of record herein.  Pursuant to Federal
Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment
on this matter.

DATED:     February 15, 2006


                          /s/ Frederick P. Stamp, Jr.
                          FREDERICK P. STAMP, JR.
                          UNITED STATES DISTRICT JUDGE